<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 99-1368

                         UNITED STATES,

                           Appellee,

                               v.

                    IGNACIO CUSTODIO-ROSIS,

                     Defendant, Appellant.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                   Selya, Boudin and Lynch,
                       Circuit Judges.
                                
                                
                                
                                
    Alexander Zeno on brief for appellant.
    Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Nelson Perez-Sosa, Assistant
United States Attorney, on brief for appellee.

September 15, 1999

                                
                                
  
           Per Curiam.    Upon careful review of the briefs and
 record, we conclude that the district court did not clearly err
 in basing defendant's sentence on the negotiated drug quantity.  
 See U.S.S.G.  2D1.1, n.12; United States v. Muniz, 49 F.3d 36,
 39 (1st Cir. 1995).  In the circumstances of this case, we
 cannot say that the district court was required to disregard  
 defendant's earlier assertions of capacity and intent to
 deliver the full quantity.
           We further conclude that the district court did not
 abuse its discretion in quashing the belated subpoenas.  In
 light of defendant's guilty plea and the limited issues
 remaining for the sentencing hearing, defendant's argument
 regarding an entrapment defense is entirely meritless.
           Affirmed.  See 1st Cir. Loc. R. 27.1.

</body>

</html>